**CT Corporation**

**Service of Process Transmittal**
01/20/2015
CT Log Number 526423350

**TO:** Emily Hart
Best Buy Enterprise Services, Inc.
7601 Penn Ave S
Richfield, MN 55423-3683

**RE:** **Process Served in Georgia**

**FOR:** Best Buy Stores, L.P. (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Quintin K. Square, Pltf. vs. Best Buy Stores, L.P., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Dekalb County State Court, GA<br>Case # 15A542963 |
| **NATURE OF ACTION:** | Plaintiff claims damages for negligent action and wrongful Imprisonment action occurred on 04/18/2015 depriving him of personal liberty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/20/2015 at 14:46 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Cary S. Wiggins<br>Wiggins Law Group<br>Suite 401<br>260 Peachtree Street<br>NW<br>Atlanta, GA 30303<br>404-659-2880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/21/2015, Expected Purge Date: 01/26/2015<br>Image SOP<br>Email Notification, Emily Hart Emily.Hart@bestbuy.com<br>Email Notification, Melissa Partlow Melissa.Partlow@bestbuy.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1201 Peachtree Street, N.E.<br>Suite 1240<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

No. 15A54296-3

Date Summons Issued and Filed
1/20/15

_Deputy Clerk_

Deposit Paid $ 219.50

[ ] ANSWER

[x] JURY

STATE COURT OF DEKALB COUNTY
GEORGIA, DEKALB COUNTY

SUMMONS

Quintin K. Square
c/o Cary Wiggins, 260 Peachtree St NW #401
Atlanta, GA 30303
(Plaintiff's name and address)

vs.

Best Buy Stores, L.P., Jane Doe and John Doe

Best Buy Stores, LP
c/o Agent: CT Corporation Systems
1201 Peachtree St, NE, Atlanta, GA 30316
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Cary S. Wiggins
(Name)
260 Peachtree St NW, #401, Atlanta, GA 30303
(Address)
(404) 659-2880              757657
(Phone Number)          (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney _____

Address _____

Phone No. _____   Georgia Bar No. _____

Third Party Attorney _____

Address _____

Phone No. _____   Georgia Bar No. _____

STATE COURT OF DEKALB COUNTY, GA
15 JAN 20 AM 9:05
FILED
BY: _____ DEPUTY CLERK

**TYPE OF SUIT**

☐ Account           ☐ Personal Injury
☐ Contract          ☐ Medical Malpractice
☐ Note              ☐ Legal Malpractice
☐ Trover            ☐ Product Liability
                    ☐ Other

Principal    $ _____
Interest     $ _____
Atty Fees    $ _____

☐ Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

summons1-2008rev

**EXHIBIT A**

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| QUINTIN K. SQUARE, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| | * | |
| vs. | * | NO. _____ |
| | * | |
| BEST BUY STORES, L.P. d/b/a | * | |
| Best Buy, JANE DOE, an | * | |
| employee of Best Buy, and | * | |
| JOHN DOE, an employee of | * | |
| Best Buy, | * | |
| | * | JURY TRIAL DEMANDED |
| Defendants. | * | |

## COMPLAINT

### NATURE OF THE CASE

1.

One late afternoon in April 2014, Quintin Square went to Best Buy to purchase an iMac computer. After finding one, he purchased it using his debit card, exited the store, and drove away. Minutes later Square was stopped by the police and arrested for committing credit card fraud. As it turns out, Best Buy's employees had called 911 and reported that Square had committed fraud. They were wrong. With this complaint, Square seeks damages against Best Buy and its employees for their actions.

### PARTIES

2.

Plaintiff Quintin K. Square ("Square") is a resident of

**EXHIBIT A**

Gwinnett County, Georgia.

3.

Defendant Best Buy Stores, L.P. ("Best Buy") is a foreign limited partnership, and at all relevant times stated in this complaint was authorized to conduct business in Georgia. Best Buy operated the store in question, which is located at 1201 Hammond Drive, NE, Suite C, Atlanta, DeKalb County, Georgia 30346.

4.

Defendant Jane Doe is an employee of Best Buy and, upon information and belief, is a resident of the State of Georgia. Jane Doe is subject to the jurisdiction of this Court.

5.

Defendant John Doe is an employee of Best Buy and, upon information and belief, is a resident of the State of Georgia. John Doe is subject to the jurisdiction of this Court.

VENUE

6.

All acts or omissions alleged by Square in this complaint occurred in DeKalb County, Georgia, and therefore venue is proper.

JURISDICTION

EXHIBIT A

7.

The Court has jurisdiction over the defendants and the subject matter of this complaint.

FACTS

8.

Square, who is professionally known as "Que," is a recording artist signed with Atlantic Records. He lives in the Atlanta area. Late on April 18, 2014, Square was scheduled to fly from Atlanta to New York, where he was to perform at Club Eve Ultra Lounge.

9.

The afternoon of April 18, Square and his girlfriend, Whittley Green ("Green"), went to Best Buy on Hammond Drive.

10.

Square went to the Apple computer section of the store. Square saw the iMac computer he wanted, and an employee pulled it from stock for him. Square took the computer (and a rugged USB 3.0 Thunderbolt hard drive) to the cashier to purchase the items.

11.

At the register, he used his Bank of America debit card for the purchase, entering the PIN when prompted, and even providing his e-mail address to the cashier. The transaction was approved immediately, and Square was given a

EXHIBIT A

receipt and took his merchandise to the door.

12.

Before Square left the store with the merchandise, a Best Buy employee asked him for the receipt to match it to Square's purchases. The employee confirmed that the receipt was for the merchandise, marked and initialed the receipt, and thanked Square for shopping. Square exited the store, placed the computer in the car, and he and Green drove away.

13.

Unbeknownst to Square, as he was leaving the store's parking lot, a Best Buy employee, Jane Doe, called 911 emergency and reported that Square had committed fraud when using a credit card to purchase the iMac computer. Jane Doe identified Square as "a black male" with "like, a nappy fro," and she also described what Square and Green were wearing.

14.

Another Best Buy employee, John Doe, took the phone and provided the 911 operator with the tag number and description of the car, as well as the direction in which the car was traveling.

15.

Square and Green were stopped by a City of Dunwoody police officer on Hammond Drive near Ashford-Dunwoody Road.

**EXHIBIT A**

Other police arrived, and Square was told that he was under arrest for using someone else's credit card at Best Buy. The police took Square's wallet, phone, and the keys to the car. Square was handcuffed and placed in the back of a patrol car.

16.

Square remained handcuffed in the patrol car while officers discussed the situation on Hammond Drive. As it was rush hour, numerous motorists passed by and could see Square in the patrol car.

17.

Square told the police officers that they could resolve the confusion if everyone just went back to Best Buy. The officers agreed and let Green drive the car, as the officers followed her, to Best Buy.

18.

Once at Best Buy, the officers went inside while Square remained handcuffed in the patrol car. The officers later came out of the store and released Square, explaining that his debit card transaction was in fact valid and that Best Buy had falsely accused him.

19.

A Best Buy manager apologized to Square, explaining that Best Buy had been targeted for credit card fraud

**EXHIBIT A**

recently, and that the store simply figured that Square too was committing credit card fraud. The manager offered Square a $100 Best Buy gift card (which Square declined).

20.

Square missed his flight to New York and thus his performance that evening. That alone cost him about $10,000 in revenue and $3,000 in airfare. Apart from missing his performance, Square was the subject of rumors after people learned of his arrest.

21.

Upon information and belief, at all relevant times, Best Buy has maintained a corporate policy that prohibits its employees from initiating a criminal process without a having reasonable suspicion that the customer has committed a crime, including where the customer is suspected of shoplifting or engaging in credit card fraud.

COUNT 1

O.C.G.A. § 51-7-20: False Imprisonment

(All Defendants)

22.

Square realleges each fact set forth in paragraphs 1 through 21 of this Complaint and incorporates them here by reference.

23.

EXHIBIT A

On or about April 18, 2014, the defendants caused Square to be unlawfully detained against his will, depriving him of personal liberty.

24.

This detention of Square was unlawful because it was not predicated on any process and no exigent circumstances existed to justify the defendants' conduct.

25.

There would not have been a failure of justice had the defendants permitted Square to leave unrestrained.

26.

As a result of the unlawful detention, Square suffered emotional, mental and financial injury, entitling him to recover compensatory and punitive damages against the defendants for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

COUNT 2

Negligence

(All Defendants)

27.

Square realleges each fact set forth in paragraphs 1 through 21 of this Complaint and incorporates them here by reference.

EXHIBIT A

28.

Best Buy hired Jane Doe as an employee or agent.

29.

Best Buy hired John Doe as an employee or agent.

30.

While performing their duties, Jane Doe and John Doe, as a employees or agents, committed the above acts against Square in violation of the corporate policy of Best Buy.

31.

Best Buy negligently permitted John Doe and Jane Doe to initiate a criminal process against Square, without any reasonable suspicion that Square had committed any crime, and that breach of care was the proximate cause of the injuries suffered by Square, entitling him to compensatory and punitive damages in an amount to be determined by the enlightened conscience of the jury.

COUNT 3

O.C.G.A. § 51-12-5.1: Punitive Damages

32.

Square realleges each fact set forth in paragraphs 1 through 21 of this Complaint and incorporate them here by reference.

33.

The defendants' actions described in this complaint

EXHIBIT A

were willful and intentional misconduct, malice, wantonness, oppression or, at the very least, displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

### COUNT 4
O.C.G.A. § 13-6-11: Attorney's Fees

34.

Square reallege each fact set forth in paragraphs 1 through 21 of this complaint and incorporate them here by reference.

35.

By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, been stubbornly litigious and caused Square unnecessary trouble and expense.

36.

As a result of the defendants' actions, Square is entitled to recover their actual expenses of litigation, including attorney's fees, from the defendants.

**WHEREFORE**, Square prays:

(a) that as to Counts 1 and 2, the Court award Square compensatory and punitive damages (see Count 3) against the defendants, in an amount to be

EXHIBIT A

determined by the enlightened conscience of an impartial jury;

(b) that as to Count 4, the Court award Square reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c) that Square be granted a trial by jury on all issues so triable; and

(d) that Square be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

WIGGINS LAW GROUP

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
Facsimile: (404) 659-3274
cary@wigginslawgroup.com

EXHIBIT A